UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.  20-cv-24898

SANDRA DULAY,

    Plaintiff,

v.

ZWICKER & ASSOCIATES, P.C. and
DISCOVER BANK,

    Defendant.
_____/

## COMPLAINT
## JURY DEMAND

1.    Plaintiff alleges violation of the Fair Debt Collection Practices Act, 15 U.S.C. §1692 *et seq.* ("FDCPA") and the Florida Consumer Collection Practices Act, Fla. Stat. §559.55 *et seq.* ("FCCPA").

## JURISDICTION AND VENUE

2.    This Court has jurisdiction under 28 U.S.C. §§1331, 1337 and 15 U.S.C. §1692k. Venue in this District is proper because Plaintiff resides here and Defendant sent communication into this District and sued in this District.

## PARTIES

3.    Plaintiff, SANDRA DULAY ("DULAY"), is a natural person, and citizen of the State of Florida, residing in Miami-Dade County, Florida.

4.    Defendant, ZWICKER & ASSOCIATES, P.C. ("ZWICKER"), is a professional corporation organized under the laws of the State of Massachusetts. Its principal place of business is at 80 Minuteman Rd., Andover, MA 01810.

5. Zwicker is registered with the Florida Department of State Division of Corporations as a professional corporation. Its registered agent for service of process is CT Corporation System, 1200 S. Pine Island Rd*.,* Plantation, FL 33324.

6. Zwicker regularly uses the mail and telephone in a business the principal purpose of which is the collection of debts.

7. Defendant, Zwicker, regularly initiates litigation to collect debts.

8. Discover Bank ("DISCOVER") is a national bank, authorized to do business in the State of Florida, as a consumer credit card lender.

9. Discover retained Zwicker to collect on Plaintiff's defaulted credit card account.

10. In the one-year period prior to the filing of this federal action, Defendant and its state court counsel filed more than 100 lawsuits in Miami-Dade County alone seeking to collect debts from individuals.

11. Zwicker is a "debt collector" as defined in the FDCPA and FCCPA.

12. Discover is a creditor as defined in the FCCPA.

## FACTUAL ALLEGATIONS

13. Defendant sought to collect from Plaintiff an alleged debt for a consumer loan.

14. The debt was for a personal, household, or family purpose.

15. Defendant, on behalf of Discover Bank ("Discover"), filed a state court action on July 17, 2017, against Dulay for an alleged credit card debt ("the debt").

16. This action was dismissed on November 15, 2018, for lack of prosecution. A copy of the order of dismissal is attached as Exhibit "A."

17. Although the state court dismissed the action for lack of prosecution on November 15, 2018, Zwicker continued to litigate the state court action and continue to attempt to collect the debt.

18. On February 1, 2019, Defendants filed a Motion for Extension of Time to serve Dulay.  A copy of the Motion for Extension of Time is attached as Exhibit "B."

19. On February 7, 2019, Defendants prepared and submitted an Alias Summons to the Miami-Dade County Clerk of Court in an attempt to serve Dulay. A copy of the Alias Summons is attached as Exhibit "C."

20. Zwicker caused Dulay to be served in the dismissed state court action on March 11, 2019. A copy of the Return of Service is attached as Exhibit "D."

21. On May 3, 2019, Zwicker moved for a Clerk's Default. A copy of the Motion for Default by Clerk is attached as Exhibit "E."

22. Zwicker also filed an Affidavit of Indebtedness.  A copy of the Notice of Filing of Affidavit of Indebtedness is attached as Exhibit "F."

23. Plaintiff previously sued Zwicker for the above actions.

24. The previous federal lawsuit advised Defendants that Plaintiff was represented by legal counsel.

25. Notwithstanding this, Defendants again moved for default and unilaterally set the matter for hearing.

26. The Motion for Default filed on November 24, 2020, was sent directly to Plaintiff. A copy of the Motion for Default is attached as Exhibit "G."

27. The Notice of Hearing filed on November 24, 2020, was sent directly to Plaintiff. A copy of the Notice of Hearing is attached as Exhibit "H."

28. Defendants' outrageous actions caused Plaintiff to believe that the state court action was not dismissed and that her state court attorney had not properly represented her.

29. Defendants' outrageous actions caused Plaintiff to incur actual damages including attorney's fees and emotional pain and suffering.

## COUNT I – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF 15 U.S.C §1692e(2)(a)

30. Plaintiff incorporates Paragraphs 1 through 7, 9 through 11, and 13 through 29.

31. Zwicker, for the second time, attempted to pursue a judgment on a case that had been dismissed two (2) years earlier in violation of 15 U.S.C. §1692e(2)(a).

32. Zwicker's conduct was egregious.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Zwicker for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper.

## COUNT II
## FALSE AND MISLEADING STATEMENT
## IN VIOLATION OF 15 U.S.C §1692e(5)

31. Plaintiff incorporates Paragraphs 1 through 7, 9 through 11, and 13 through 29.

32. Zwicker sought a default for the second time on a case that had been dismissed several months earlier in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Zwicker for:

    a. Statutory and actual damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

4

   c. Such other or further relief as the Court deems proper.

### COUNT III – ATTEMPTING TO COLLECT AN IMPROPER DEBT IN VIOLATION OF FLA. STAT. §559.72(9)

33. Plaintiff incorporates Paragraphs 1 through 29.

34. Defendants, for the second time, attempted to pursue a judgment on a case that had been dismissed two (2) years earlier in violation of 15 U.S.C. §1692e(2)(a).

35. Defendant's conduct was egregious.

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Defendants for:

   a. Statutory, actual, and punitive damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT IV – COMMUNICATING WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF 15 U.S.C §1692c(a)(2)

36. Plaintiff incorporates Paragraphs 1 through 7, 9 through 11, and 13 through 29.

37. Zwicker mailed the Motion for Default and Notice of Hearing directly to the consumer after having knowledge that Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Zwicker for:

   a. Statutory and actual damages;

   b. Attorney's fees, litigation expenses and costs of suit; and

   c. Such other or further relief as the Court deems proper.

### COUNT V – COMMUNICATING WITH A CONSUMER REPRESENTED BY COUNSEL IN VIOLATION OF FLA. STAT. §559.72(18)

38. Plaintiff incorporates Paragraphs 1 through 29.

39. Defendants mailed the Motion for Default and Notice of Hearing directly to the consumer after having knowledge that Plaintiff was represented by an attorney in violation of 15 U.S.C. §1692c(a)(2).

WHEREFORE, Plaintiff requests that the Court enter judgment in favor of Plaintiff and against Zwicker for:

    a. Statutory, actual, and punitive damages;

    b. Attorney's fees, litigation expenses and costs of suit; and

    c. Such other or further relief as the Court deems proper

### JURY DEMAND

Plaintiff demands trial by jury.

> Debt Shield Law
> 3440 Hollywood Blvd., Suite 415
> Hollywood, FL 33021
> Tel:   305-776-1805
> Fax:   305-503-9457
> service@debtshieldlaw.com
> joel@debtshieldlaw.com
>
>   */s/ Joel D. Lucoff*
> Joel D. Lucoff
> Fla. Bar No. 192163